IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Pervis Merritt, | Case No. 3:14 CV 954 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Attorney General of the United States, et al., | |
| Defendants. | |

## INTRODUCTION

Pro se Plaintiff Pervis Merritt filed a case in state court seeking a review of an unfavorable decision from the Social Security Administration (*see* Doc. 1-1 at 13–15). Defendants removed the case to this Court (Doc. 1), asserting federal-party jurisdiction under 28 U.S.C. § 1442(a)(1). Upon removal, Defendants filed a Motion to Dismiss (Doc. 2), asserting this Court lacks subject-matter jurisdiction over Plaintiff's claims under Federal Civil Rule 12(b)(1). Plaintiff has not responded to the Motion. For the following reasons, Defendants' Motion is granted.

## ANALYSIS

Defendants argue the derivative jurisdiction doctrine deprives this Court of subject-matter jurisdiction over Plaintiff's claims. In general terms, the derivative jurisdiction doctrine "holds that if the state court where an action is filed lacks subject matter jurisdiction, the federal court, upon removal, also lacks subject matter jurisdiction, even if the federal court would have had subject-matter jurisdiction if the suit had originally been filed in federal court." *Graber v. Astrue*, 2009 WL 728564,

at *1 (S.D. Ohio 2009). Congress abolished derivative jurisdiction with respect to actions removed under 28 U.S.C. § 1441. *See* 28 U.S.C. § 1441(f) ("The court to which a civil action is removed under this section is not precluded from hearing and determining any claim in such civil action because the State court from which such civil action is removed did not have jurisdiction over that claim."). However, Congress did not do the same for cases removed under 28 U.S.C. § 1442, the statutory basis for removal of this case. *See Graber*, 2009 WL 728564, at *2 (holding that the language of Section 1441(f) "does not reach cases removed under § 1442").

Federal district courts have exclusive jurisdiction to review decisions of the Commissioner of Social Security. *See* 42 U.S.C. § 405(g) (requiring suits for judicial review of decisions of the Commissioner of Social Security be brought in the United States district court for the judicial district in which the plaintiff resides). Because this case was removed from state court, this Court's jurisdiction is merely derivative of that of the Ohio court, which had no jurisdiction over this matter. The proper course is for this Court to dismiss Plaintiff's case. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 24 n.27 (1983) (noting that in cases filed in state court for which exclusive jurisdiction is in federal court, the proper course is to dismiss the case without reaching the merits); *see also Pickett v. Office of Disability Adjudication and Review*, 2009 WL 1661954, at *4 (N.D. Ohio 2009) (dismissing case under Federal Civil Rule 12(b)(1) where federal defendant removed pursuant to Section 1442). Simply put, when a case is removed under 28 U.S.C. § 1442, if the state court lacked jurisdiction over the action when it was filed there, the federal court on removal acquires none, even if the federal court would have jurisdiction if the case originally was filed in federal court.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss (Doc. 2) is granted. This case is dismissed without prejudice for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

                                                s/ *Jack Zouhary*
                                          JACK ZOUHARY
                                          U. S. DISTRICT JUDGE

                                          June 19, 2014